DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

RYAN REZAEI (CABN 285133)
Assistant United States Attorney
MOLLY A. SMOLEN (CABN 293328)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6779
    FAX: (415) 436-7234
    molly.smolen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-CR-655-7 HSG |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL |
| v. | DISCOVERY RE *PETITE* POLICY (ECF No. 151) |
| JUAN CARLOS GUZMAN, a/k/a "Jose Rosa-Perez," | |
| Defendant. | |

    The United States submits this response to the above defendant's motion to compel discovery. In sum, the Government has investigated whether there are any documents responsive to these requests within its possession, custody, or control and as set forth below, the Government has no additional discovery to provide beyond what has already been produced. Because the Government does not have any additional documents to produce, the Court should deny defendant's motion.

## I. INTRODUCTION

    Following a lengthy investigation into defendant Juan Carlos Guzman and a number of co-conspirators, a federal warrant for defendant's arrest was issued on November 18, 2019. *See* Mot. Ex.

C. Law enforcement observed defendant driving a car that was known to be used by members of this conspiracy to deliver narcotics. *Id.* Defendant was seen holding a cellphone in his hand while driving, in violation of California law, so officers initiated a traffic stop. *Id.* Following further investigation, approximately 911.67 grams of methamphetamine were found in defendant's car. *Id.*

Records provided to the Government by defense counsel indicate that the Sonoma County District Attorney's Office charged defendant with three state-level drug crimes based on the November 18, 2019 traffic stop.[1] *See* Mot. Ex. A. Per those same records, defendant apparently pled no contest to two of those counts in state court on January 10, 2020. *See* Mot. Ex. B.

Defendant was originally charged by complaint on November 19, 2019 with conspiracy to distribute and possess with intent to distribute controlled substances. *See* ECF No. 1. The conspiracy allegedly spanned from on or about March 27, 2019 to on or about November 19, 2019. *Id.* On December 5, 2019 a federal grand jury returned an indictment charging defendant with three crimes: (1) conspiracy to distribute and possess with intent to methamphetamine, alleged to have extended from on or about March 27, 2019 to on or about November 19, 2019 (Count One); (2) distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, alleged to have taken place on or about October 15, 2019 (Count Twenty-One); and (3) distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, alleged to have taken place on or about October 21, 2019 (Count Twenty-Two). *See* ECF No. 18. Defendant was never charged federally with possession or transportation of controlled substances—or indeed, any substantive crime—based on the November 18, 2019 traffic stop.

II. **ARGUMENT**

In the instant motion, defendant seeks discovery that he argues will allow him to develop a claim that the instant federal prosecution is barred by the state prosecution based on defendant's November 18, 2019 conduct. *See* Mot. at 5. As an initial matter, the Government disputes that the Double Jeopardy Clause or the *Petite* policy are implicated in this case. Defendant was charged by the state with state-

---

[1] Defendant was charged in Sonoma County with violations of Health and Safety Code sections 11378 (Possession for sale of a controlled substance); 11379 (Transportation of a controlled substance); and 11366.8(a) (Use of a false compartment to store, conceal, smuggle and transport a controlled substance). *Id.*

level crimes based solely on defendant's possession of methamphetamine in November 18, 2019. *See* Mot. Exs. A, B. Defendant has not been charged federally with substantive conduct from November 18, 2019. Instead, defendant was indicted on a conspiracy charge which spans from March 27, 2019 through November 19, 2019 (the date of the initial complaint), and two substantive drug charges based on conduct from October 15, 2019 and October 21, 2019. *See* ECF No. 18. The federal crimes with which defendant is charged are serious drug crimes, in which there is a substantial federal interest. In short, this is not a successive prosecution such that the *Petite* policy or the Double Jeopardy Clause would be implicated.

In general, "'an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each' without offending the Double Jeopardy Clause." *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (quoting *United States v. Lanza*, 260 U.S. 337, 382 (1922)). "[T]he Double Jeopardy Clause limits consecutive state and federal criminal proceedings only when federal prosecutors 'so thoroughly dominate[ ] or manipulate[ ] the [state's] prosecutorial machinery . . . that the latter retains little or no volition in its own proceedings.'" *Id.* at 1105 (citation omitted) (alterations in original). The Supreme Court has suggested that consecutive state and federal prosecutions might be barred by the Double Jeopardy Clause if federal authorities so commandeer a state-level prosecution such that the state prosecution is converted into "a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." *Id.* at 1104 (quoting *Bartkus v. Illinois*, 359 U.S. 121, 123-24 (1959)).

This limited proscription against consecutive state and federal prosecutions has no bearing here. Undersigned counsel has inquired with case agents and prior government counsel regarding their knowledge of defendant's state conviction. Based on these inquiries undersigned counsel can represent that the Government was unaware of defendant's state prosecution until alerted to it by defendant's counsel.

Nor is the *Petite* policy implicated here. In his state prosecution defendant entered a no contest plea to conduct that does not overlap with the federal charges defendant faces in this case. *Compare* Mot. Exs. A, B, *with* ECF No. 18. While Count One of the federal indictment alleges a conspiracy that spans **the date** on which defendant committed his state level crimes, the federal conspiracy charge is not

based on the same act or transaction as the state charges. The federal conspiracy charge defendant faces here requires proof of defendant's agreement to commit at least one crime, and his knowledge and help in accomplishing the conspiracy's objective. *See* 9th Cir. Model Jury Instruction 8.20. By contrast, in his state prosecution defendant apparently pled no contest to possession for sale of a controlled substance (California Health and Safety Code section 11378), and use of a false compartment to store, conceal, smuggle, and transport a controlled substance (California Health and Safety Code section 11366.8(a)). These state convictions are simply not based on substantially the same acts or transactions as the federal conspiracy charge, and certainly do not overlap with the two substantive drug charges in the indictment.

Although the facts of this case do not implicate the *Petite* policy and cannot support a Double Jeopardy claim, the Government nonetheless responds to defendant's individual discovery requests below.

**1. Policies or memoranda of understanding between the USAO and Sonoma County.**

In his first discovery request, defendant seeks "[a]ny formal policy or memorandum of understanding between the U.S. Attorney's Office and the Sonoma County District Attorney's Office or Sonoma County Sheriff's Department regarding coordination in the investigation or prosecution of narcotics cases."

Based on the Government's investigation pursuant to this request, undersigned counsel is informed and believes that there are no such policies or memoranda and therefore has nothing to produce with respect to this request.

**2. Documentation of informal agreements between the USAO and Sonoma County.**

In his second discovery request, defendant seeks "[al]l letters, memorandum [sic], or other documentary evidence about informal agreements, understandings or practice coordination between the U.S. Attorney's Office and the Sonoma County District Attorney's Office, Sheriff's Office, or Police Departments."

Based on the Government's investigation pursuant to this request, undersigned counsel is informed and believes that there are no such documents and therefore has nothing to produce with respect to this request.

### 3. Information regarding federal and state cross-designation in drug cases.

In his third discovery request, defendant seeks "[a]ny state and federal cross-designation of law enforcement officials in narcotics cases."

Through the voluminous discovery that has been produced in this case, the Government has disclosed any "cross-designation" between federal and state law enforcement officials that is relevant to this case. To the extent that defendant seeks broad information unrelated to this case regarding federal and state cross-designation in narcotics cases as a general matter, such a request seeks information far beyond the bounds of discovery here. The Government believes that it has no further documents to produce in response to this request.

### 4. Documents evidencing awareness of defendant's state prosecution.

In his fourth discovery request, defendant seeks "[a]ll letters, emails, or other documentation showing the point at which federal authorities became aware of the state prosecution of Mr. Guzmán and the communications that occurred between federal and state authorities."

Undersigned counsel was not assigned to this case at the time this case was charged, or the time of defendant's state prosecution. However, undersigned counsel has inquired with case agents and prior counsel regarding their knowledge of defendant's state conviction. Based on these inquiries, undersigned counsel is informed and believes that the Government was unaware of defendant's state prosecution until alerted to it by defendant's counsel, something that occurred after defendant's state conviction. Therefore, the Government has no responsive documents to produce.

### 5. *Petite* waiver.

As set forth above, this federal case is not a successive prosecution and therefore the *Petite* policy is not implicated. Thus there is no *Petite* waiver to produce.

//
//
//
//
//
//

## III. CONCLUSION

The Government has no documents to produce in response to defendant's discovery requests. The Government therefore respectfully asks the Court to deny defendant's motion.

DATED: February 9, 2021

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/S/
MOLLY A. SMOLEN
Assistant United States Attorney